UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINJA "KYNG PARIAH" JOHNSON,<br><br>                            Plaintiff,<br><br>    -against-<br><br>ALVIN BRAGG, et al.,<br><br>                            Defendants. | 1:22-CV-8651 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently held in the Rose M. Singer Center ("RMSC") on Rikers Island, brings this *pro se* action asserting claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages. In her complaint, Plaintiff names as defendants: (1) New York County District Attorney Alvin Bragg; (2) former President of the United States Donald Trump; (3) a New Jersey State or a New York State judge (Judge Baber); (4) a person who appears to be either a New York County Assistant District Attorney or a Jersey City, New Jersey, police chief, Adam Buribham; (5) "East 5th Street"; (6) "West 30th Street"; (7) the New York City Police Department ("NYPD"); (8) NYPD Officer Graham; (9) "Precincts 9th, 13th, 14th, 28th"; (10) the City of New York; (11) "Section 8" (12) "Garden Housing"; (13) Wanda Feebles; (14) John Johnsen; (15) the State of New York; and (16) NYPD Police Officer Brown.

      After Plaintiff filed her original complaint, she filed an "additional" complaint (docketed as an amended complaint) (ECF 5) in which she appears to assert additional, not superseding, claims against what appear to be several members of the RMSC's correctional personnel. In this additional complaint, which the Court construes as a supplement to Plaintiff's original complaint, Plaintiff names the following additional defendants: (1) Correction Officer Joseph;

(2) Correction Officer Verricio; (3) Correction Officer Coley; (4) Correction Officer McCallister; (5) Correction Officer Wong; (6) Correction Officer Ray; (7) Correction Officer Miller; (8) Correction Captain Watson; (9) Correction Captain McMichael; (10) Correction Captain Joseph Ponte; (11) Doctor Bavasuar; and (12) Correction Captain Hopotte.

Following the filing of her additional complaint, Plaintiff filed a letter (ECF 7) in which she makes allegations similar to the ones made in her original and additional complaints. The Court construes this letter as another supplement to Plaintiff's original complaint.

By order dated November 30, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court construes Plaintiff's claims against former President Trump as brought under *Bivens*, and her claims against the rest of the defendants named or mentioned in Plaintiff's original complaint and supplements as brought under Section 1983. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The alleged events that are the bases for Plaintiff's claims do not seem to be related, as Plaintiff asserts that they occurred in various locations, at different periods in her life. Plaintiff alleges the following: In 2007, Plaintiff was beaten by police in Jersey City, New Jersey, while she was a student attending high school in that city. In January 2018, she was arrested by members of the NYPD, in Tompkins Square Park, in New York, New York, after being accused

3

of carrying a pistol. Plaintiff found a bomb in Union Square, in New York, New York, in May 2018, and apparently reported it to the police, but the investigating officer did not ask for her name.

In 2019, Plaintiff was arrested in Los Angeles County, California, and was held in a jail there. In that jail (or in a Los Angeles County police precinct), she was assaulted, was forced to strip naked, was fed rotten food, and was apparently injected with a substance without her consent. In January 2020, while still held in a Los Angeles County jail, officials there sprayed her with pepper spray because of her sexual orientation.

In approximately 2021, Plaintiff was extradited to New York City, and was placed in pretrial detention on Rikers Island, where she was sexually harassed by a physician there. While held on Rikers Island, Plaintiff has been falsely cited for disciplinary infractions. Correction Officers have been spreading lies about Plaintiff in order to pressure her to reveal private information about herself.

Plaintiff makes other allegations about being arrested, prosecuted, and assaulted, including being sexually assaulted, but it is unclear from the original complaint and supplements when and where those events took place, and who injured her.

## DISCUSSION

**A.    Claims under Section 1983 against the State of New York**

The Court must dismiss Plaintiff's claims under Section 1983 against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh

4

Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 against the State of New York.

Accordingly, the Court dismisses all of Plaintiff's claims under Section 1983 against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.     The NYPD**

The Court must dismiss Plaintiff's claims against the NYPD because agencies of the City of New York, such as the NYPD, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007);

5

*see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff has named the City of New York and the NYPD as defendants in this action. Because the NYPD is not a suable entity, the Court dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     The City of New York**

The Court grants Plaintiff leave to file a second amended complaint in which she alleges facts sufficient to state a claim under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff offers a series of specific and discrete events in her original complaint and supplements, but does not include anything to suggest that a policy, custom, or practice of the City of New York caused a violation of her federal constitutional rights. In light of Plaintiff's *pro*

6

*se* status, however, the Court grants Plaintiff leave to file a second amended complaint in which she alleges facts sufficient to state a claim under Section 1983 against the City of New York.

### D.     Remaining claims under Section 1983 and *Bivens*

Because claims under Section 1983 must be brought against persons acting under color of state law,[2] *see West v. Atkins*, 487 U.S. 42, 48 (1988), and because claims under *Bivens* must be brought against individual federal officers, *see Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007), the Court dismisses, for failure to state a claim on which relief may be granted, any of Plaintiff's remaining claims under Section 1983 or *Bivens* brought against any remaining defendant that is a place, program, subdivision of a nonsuable entity, or other party that is not a person within the meaning of Section 1983, or is not an individual federal officer, including her claims against "East 5th Street," "West 30th Street," "Section 8," "Garden Housing," and ""Precincts 9th, 13th, 14th, 28th." *See* § 1915(e)(2)(B)(ii).

To state a claim under Section 1983, a plaintiff must allege facts showing the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

---

[2] Municipalities, such as the City of New York, are considered "persons" for the purpose of Section 1983 liability. *Monell*, 436 U.S. at 690.

must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). This requirement is also applicable to claims brought under *Bivens*. *See Toribio Abreu v. John Doe #1*, No. 22-CV-2445, 2022 WL 1597698, at *2 (S.D.N.Y. May 19, 2022); *Reynolds v. United States*, No. 21-CV-4763, 2021 WL 3501201, at *2 (S.D.N.Y. Aug. 9, 2021).

Plaintiff names many individuals as defendants, but she is not clear as to how these individuals were each personally and directly involved in the alleged violations of her federal constitutional rights. The Court therefore grants Plaintiff leave to file a second amended complaint in which she names only those individuals as defendants who were personally and directly involved in the alleged violations of her federal constitutional rights, and alleges facts showing how each of those individuals were so personally and directly involved.

**E.   Venue**

The Court further grants Plaintiff leave to file a second amended complaint in which she alleges facts showing why this court is a proper venue for all of her claims raised in her second amended complaint. The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that the appropriate venue is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

It is unclear from the original complaint and supplements where each of the remaining defendants reside, let alone whether they reside within this judicial district or elsewhere within the State of New York.[3] Thus, the Court cannot determine whether this court is a proper venue for all of Plaintiff's claims under Section 1391(b)(1).

Plaintiff alleges that the events giving rise to her claims occurred in New Jersey, which constitutes its own judicial district, *see* 28 U.S.C. § 110, in New York City, some parts of which are located within this judicial district and some parts of which are located in the Eastern District of New York, *see* § 112(b), (c), and in Los Angeles County, California, which lies within the Central District of California, *see* 28 U.S.C. 84(c)(2). Thus, the Court cannot determine whether this court is a proper venue for all of Plaintiff's claims under Section 1391(b)(2).

The Court therefore grants Plaintiff leave to file a second amended complaint in which she alleges facts showing why the Court is a proper venue for all of her claims raised in her second amended complaint.[4] The Court will reserve this assessment until Plaintiff files a second amended complaint.

---

[3] This judicial district, the Southern District of New York, is comprised of the following counties within the State of New York: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following counties within the State of New York: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

[4] Plaintiff may have to decide whether at least some of her unrelated claims should be pursued in other federal courts or at all. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Under Rule 20(a)(2), which governs joinder of parties:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to file a second amended complaint to provide more facts about her claims. First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe"

---

occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, 'the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" *Clay v. Doe*, No. 20-CV-7692, 2020 WL 6151436, at *1 (S.D.N.Y. Oct. 20, 2020) (citing *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), and quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)).

[5] The caption is located on the front page of the complaint form. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the second amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

or "Jane Doe" in both the caption and the body of the second amended complaint.[6] Plaintiff may also amend her complaint to add facts sufficient to support a claim under Section 1983 against the City of New York, as explained above.

The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending her complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

11

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original complaint and its supplements, any facts or claims that Plaintiff wants to include from the original complaint and its supplements must be repeated in the second amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York, the NYPD, and against the defendant places, programs, and precincts. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 1:22-CV-8651 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted or as filed in the wrong venue. *See* 28 U.S.C. §§ 1406(a), 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 20, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge