UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAH" JOHNSON,

                Plaintiff,

-against-

MELANIE DEARTH; JOHN JOHNSEN; ALVIN BRAGG; KAHTY HOCHUL; CORI WESTON; ADAM BIRHABHAM; WANDA FEEBLES; MAYOR ADAMS; CHUCK SHUMER; NOORULAN JHANDIYA; GILBERT THOMAS; BRYAN FALLON; SARAH PERRY; MIRLANDE JORDAN; EVETTE PHANOR; YUAN CHUJUN; DAVID DANIEL; RICHARD GARCIA; VALENTIN KHAZIN; JULIAN PHILLIPS; MELISSA BROWN; RONIEL DILONE; ASMIR BRBUTOVIC; EDWADS CONCEPCION; TONG JIANG; GAILEEN STAPLETONG; TERRELL CARTER; CHRISTOPHE DEMENEZES; WILLIAM HUNZIKER; TIESHA HOLLEY; YVENER CESAR; JENEE RUSSELL; ANDRE CRADON; ANTHONY CENNAMO; NARO CHAWKO; LISA GRACE COHEN; JONATHAN DARCHE; STEVEN MARASCO; LOU (BRONX),

                Defendants.

1:22-CV-8651 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order dated December 20, 2022, the Court dismissed Plaintiff's claims against the State of New York, the New York City Police Department ("NYPD"), and against the defendant places, programs, and precincts. (ECF 8.) In that same order, the Court granted Plaintiff, who is currently held as a pretrial detainee in the Rose M. Singer Center ("RMSC") on Rikers Island, and who is appearing *pro se* and proceeding *in forma pauperis* ("IFP"), leave to file a second amended complaint within 30 days of the date of that order. On January 10, 2023, the court received a letter from Plaintiff. (ECF 9.) On January 30, 2023, the court received Plaintiff's

second amended complaint, which, Plaintiff alleges, she forwarded to RMSC officials for its delivery to the court on January 12, 2023. (ECF 10.)

In her second amended complaint, Plaintiff asserts that her federal constitutional rights have been violated, and that her claims also rest on other legal authority. (*Id.* at 5.) She sues what appear to be federal, state, and municipal officials, as well as other individuals. Plaintiff lists as her injuries: "defamation, intentional tort[,] perjury, property damage, conspiracy to murder, search [and] frisk, pre-meditation [and] sexual assault [and] harassment, torture[,] racism, targeted attack [sic]." (*Id.* at 11.) She seeks as relief: (1) the "prosecution of all involved"; (2) "justice to be served"; (3) her "record expunged"; (4) her "acquittal without prejudice"; and (5) $100,000,000 in damages. (*Id.*) The Court construes Plaintiff's second amended complaint as asserting clams under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claims for *habeas corpus* relief under 28 U.S.C. § 2241, as well as claims under state law. For the reasons discussed below, however, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

In the Court's December 20, 2022, order, the Court granted Plaintiff 30 days' leave to file a second amended complaint in which she: (1) alleges facts sufficient to state a claim under 42 U.S.C. § 1983 against the City of New York; (2) for the purposes of her claims under Section 1983 and under *Bivens* against individuals, names only those individuals as defendants who were personally and directly involved in the alleged violations of her federal constitutional rights, and

alleges facts showing how each of those individuals were so personally and directly involved; and (3) alleges facts showing why this court is a proper venue for all her of claims raised in her second amended complaint. (ECF 8, at 6-9.)

Unlike Plaintiff's original complaint, her second amended complaint does not name the City of New York as a defendant. Thus, the Court deems Plaintiff's claims against the City of New York abandoned. Plaintiff's second amended complaint does name individual federal, state, and municipal officials as defendants, as well as other individuals as defendants. These individual defendants include: (1) Melanie Dearth, who appears to be Plaintiff's criminal defense attorney and employed by the Legal Aid Society; (2) John Johnsen, who appears to be a New York County Assistant District Attorney; (3) United States Senator Charles Schumer; (4) New York State Governor Kathy Hochul; (5) New York County District Attorney Alvin Bragg; (4) Adam Birhabham, who, as mentioned in the Court's December 20, 2022, order, may be either a New York County Assistant District Attorney or a Jersey City, New Jersey, police chief; (5) New York City Mayor Eric Adams; (6) individuals employed by the New York City Civilian Complaint Review Board ("CCRB"); and (7) other individuals, most, if not, all of whom appear to be members of the NYPD. Plaintiff asserts that the events that are the bases of her claims raised in her second amended complaint occurred in an unspecified location in New York State, on January 31, 2022. In the "facts" section of her second amended complaint's statement of claim, Plaintiff states the following: "same complaint – paperwork attached – to extend evidence [and] paper trail of made up shit." (ECF 10, at 9.)

Attached to Plaintiff's second amended complaint are copies of many documents, many of which have been issued by the CCRB. (*Id.* at 15-132.) Among them are: (1) CCRB responses to Plaintiff's requests for records made under New York State's Freedom of Information Law

(FOIL) as to Plaintiff's alleged incidents with members of the NYPD that occurred on the following dates: September 30, 2017; October 2017; January 10, 2018, November 11, 2019; and January 31, 2022; (2) CCRB complaint reports in which Plaintiff accused members of the NYPD of, on separate occasions, shooting at her, raping her, entering her Manhattan apartment while she was not present, pointing their weapons at her, and searching her; and (3) CCRB correspondence concerning mediation to resolve Plaintiff's issues with members of the NYPD. It appears that many of the individual defendants named in Plaintiff's second amended complaint who are alleged to be members of the NYPD are mentioned in at least some of those documents as being somehow involved with the abovementioned incidents with Plaintiff.

After the Court had issued its December 20, 2022, order, but before the court received Plaintiff's second amended complaint on January 30, 2023, the court received a letter from Plaintiff on January 10, 2023. (ECF 9). Plaintiff's letter is difficult to understand. It asserts that Defendant Birhabham "was given orders in [2008] not to have contact with [Plaintiff] after [her] record was expunged by" a New Jersey state court judge, in Jersey City, New Jersey. (ECF 9, at 1.) It also describes Defendant Johnsen as the Assistant District Attorney "who picked this illegal case up via [February 10, 2022], mind you [Plaintiff] was in custody for 4 days of NYPD going onto 5 days." (*Id.*) Plaintiff states that she "see[s] no reasoning for [the Court] having the power to override [and] release [her] [and] not doing so . . . like [she is] not incarcerated. . . ." (*Id.*) The Court construes Plaintiff's letter as a supplement to Plaintiff's subsequently filed second amended complaint.

### DISCUSSION

**A.      Private prosecution**

Plaintiff's claims in which she seeks the criminal investigation and prosecution of any of the defendants must be dismissed. Plaintiff cannot initiate a prosecution in this court because

5

"the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.") (internal quotation marks and citation omitted).

**B.      Claims for *habeas corpus* relief under 28 U.S.C. § 2241**

To the extent that Plaintiff seeks her release from state pretrial detention, the appropriate vehicle for such relief is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2241. *See, e.g., Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022); *Fullwellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *1 (S.D.N.Y. Sept. 14, 2021); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

A litigant must first exhaust available state court remedies before seeking Section 2241 *habeas corpus* relief in the federal courts. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the

6

exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Plaintiff has alleged no facts showing that she has exhausted her available state court remedies before seeking *habeas corpus* relief in this court. Accordingly, the Court denies Plaintiff Section 2241 *habeas corpus* relief without prejudice.[1]

### C.     Claims under 42 U.S.C. § 1983 and *Bivens*

In its December 20, 2022, order, the Court made clear that claims under 42 U.S.C. § 1983 must be brought against persons acting under color of state law and that claims under *Bivens* must be brought against individual federal officers. (ECF 8, at 7) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007)). The Court also made clear that, to state a claim under Section 1983 or under *Bivens*, a plaintiff must allege facts showing an individual defendant's direct and personal involvement in the alleged violation of the plaintiff's constitutional rights. (*Id.* at 7-8) (quoting and citing *Tangreti v Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020), *Toribio Abreu v. John Doe #1*, No. 22-CV-2445, 2022 WL 1597698, at *2 (S.D.N.Y. May 19, 2022), and *Reynolds v. United States*, No. 21-CV-4763, 2021 WL 3501201, at *2 (S.D.N.Y. Aug. 9, 2021)).

---

[1] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous related *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* litigant notice and an opportunity to withdraw the submission before a court recharacterizes it as a petition under Section 2241. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting her an opportunity to withdraw is unnecessary because denial of *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

To the extent that Plaintiff asserts claims under Section 1983 against Defendant Dearth, who appears to be Plaintiff's criminal defense attorney and employed by the Legal Aid Society, arising from her representation of Plaintiff, Plaintiff fails to state a claim against that defendant. Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), an attorney's legal representation of a criminal defendant does not constitute the degree of state involvement necessary for a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] a legal aid society ordinarily is not a state actor amenable to suit under § 1983."). Plaintiff alleges no concerted action by Defendant Dearth with a state actor.

Plaintiff also does not allege facts sufficient to show that any of the named individual defendants, including Defendant Dearth, was personally and directly involved in any violations of Plaintiff's federal constitutional rights; the documents attached to Plaintiff's second amended complaint do not sufficiently allege any personal or direct involvement on the part of any of the defendants.

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 and *Bivens* for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, and her allegations mentioned above, however, the Court dismisses these claims without prejudice to Plaintiff's filing a new separate civil action in which she names as defendants those individual state actors or federal officials who were personally and directly

involved with the alleged violations of her constitutional rights, and in which she alleges such personal and direct involvement on the part of those individual defendants.

**D.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may also be attempting to assert in her second amended complaint. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims seeking the criminal investigation and prosecution of others for lack of subject matter jurisdiction and, to the extent that Plaintiff seeks *habeas corpus* relief under 28 U.S.C. § 2241, the Court denies that relief without prejudice. The Court also dismisses Plaintiff's claims under 42 U.S.C. § 1983 and under *Bivens* for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), but without prejudice to the commencement of a new action in which the personal involvement of the named defendants is demonstrated by specific factual allegations.

The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. §1367(c)(3).

Because the second amended complaint makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge