UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAH" JOHNSON,

                Plaintiff,

      -against-

MELANIE DEARTH, et al.,

                Defendants.

1:22-CV-8651 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated March 6, 2023, and entered the next day, March 7, 2023, the Court dismissed this *pro se* action. (ECF 11 & 12.) On March 8, 2023, the Clerk of Court mailed copies of that order and judgment, as well as appeal materials, to Plaintiff at the Rose M. Singer Center on Rikers Island, a New York City Department of Correction facility that had been Plaintiff's address of record. According to the "incarcerated lookup" search engine within the website of the New York State Department of Corrections and Community Supervision ("DOCCS"), https://nysdoccslookup.doccs.ny.gov/, and unbeknownst to the Court, however, on March 15, 2023, Plaintiff was transferred into DOCCS's custody.[1] On May 22, 2023, those copies of the Court's March 6, 2023, order and judgment, as well as the appeal materials, were returned to the court by the United States Postal Service because it was unable to forward those documents to Plaintiff. On that same date, May 22, 2023, the Clerk of Court again mailed copies of the Court's March 6, 2023, order and judgment to Plaintiff at the Albion Correctional Facility.

      On June 14, 2023, the court received Plaintiff's notice of appeal, her motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate

---

[1] Plaintiff is currently in DOCCS's custody and incarcerated in the Albion Correctional Facility.

Procedure ("Rule 4(a)(5)"), her motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and her application to appeal IFP. (ECF 13 & 14.)² For the reasons set forth below, the Court denies Plaintiff's motion for an extension of the time to file a notice of appeal under Rule 4(a)(5) as untimely, and denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP at moot.

## DISCUSSION

**A.     The notice of appeal and the Rule 4(a)(5) motion**

Under Rule 4(a)(1)(B)(iii) and (iv) of the Federal Rules of Appellate Procedure, when at least one of the parties in a civil action is either a federal officer or employee sued in his or her official capacity or a current or former federal officer or employee "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf," a notice of appeal in that action must be filed within 60 days after entry of the judgment or order being appealed from. Fed. R. App. P. 4(a)(1)(B)(iii), (iv). Under Rule 4(a)(5), a federal district court may grant an extension of time to file a notice of appeal if: (1) a party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) to file a notice of appeal expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii). If such a motion is granted, "[n]o extension . . . may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

---

² It appears that on June 14, 2023, someone who is not Plaintiff filed Plaintiff's notice of appeal, motion to proceed IFP on appeal, application to appeal IFP, and most likely, her Rule 4(a)(5) motion (as there is no indication that that motion was mailed by Plaintiff or anyone else) via the night depository box of the United States Court of Appeals for the Second Circuit. (ECF 13, at 14.) That court appears to have forwarded those submissions to this court. (*Id.* at 13.)

The Clerk of Court entered the order and judgment dismissing this action on March 7, 2023. At the time that the Court dismissed the action, Plaintiff had named at least one federal official, United States Senator and Senate Majority Leader Chuck Schumer, as a defendant in her second amended complaint, which is the operative pleading. (ECF 10.) In its dismissal order, the Court understood Plaintiff's second amended complaint as asserting, amongst others, claims under *Bivens v. Six Unknown Named Agents of Bureau of Narcotics*, 403 U.S. 388 (1971), and dismissed without prejudice those claims for failure to state a claim on which relief may be granted. (*See* ECF 11, at 8-9). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights. . . . The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Thus, because Plaintiff sued Senator Schumer under *Bivens*, in his individual capacity, "for an act or omission occurring in connection with duties performed on the United States' behalf," Plaintiff had 60 days from the entry of the Court's dismissal of this action, or until May 8, 2023, to file a timely notice of appeal.[3] Fed. R. App. P. 4(a)(1)(B)(iv). Plaintiff had 30 days from that date, or until June 7, 2023, to file a timely Rule 4(a)(5) motion. Fed. R. App. P. 4(a)(5)(A)(i).

Plaintiff's notice of appeal and Rule 4(a)(5) motion were not received by the Second Circuit's night depository box until someone who is not Plaintiff and is not incarcerated delivered them to that box on June 14, 2023, making both the notice of appeal and the Rule 4(a)(5) motion untimely. *See* Fed. R. App. P. 4(d) (notice of appeal mistakenly filed with the

---

[3] Because the last day of the 60-day period actually fell on Saturday, May 6, 2023, that period was extended to the next court-business day, Monday, May 8, 2023. *See* Fed. R. App. P. 26(a)(1)(C).

3

Court of Appeals is deemed filed with the district court on the date that it is filed with the Court of Appeals); *Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001) ("[T]he prison mailbox rule . . . does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk."). Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion as untimely.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its March 6, 2023, order and judgment, the Court certified under Section 1915(a)(3) "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 11 & 12), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's March 6, 2023, order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP as moot.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Civil Procedure, as untimely. (ECF 14.)

The Court also denies Plaintiff motion for leave to proceed IFP on appeal and her application to appeal IFP as moot. (ECF 13.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 8, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge